-‘IiiSley, J.
This is an appeal from a judgment on a rule taken in the District Court of Lafourche, by Mrs. Margaret Scott, a creditor of the insolvent, Raymond P. Gaillard, upon him, as syndic of his insolvent estate, calliug upon him to justify his sureties, as such.
The rule, after trial, was dismissed by the Judge of the Court below. Jules Labatut, the surety objected to,'had a short time previously to ,his signing the syndic’s bond, applied to the Court of his domicil for a respite, and in his petition he represents, “ that he finds himself unable, at present, to meet his engagements duo, or as they becomo due; and some of his creditors have already instituted suits against him, and others are about following their example.” ... .In view of the circumstances, ho hopes that the holders of the notes and drafts endorsed or accepted by J. Labatut, or Jules Labatut & Co., will be willing to consent to a remission of a portion of these liabilities, which remission he solicits to the extent of twenty-five per cent., besides the interest on the capital, to be able to settle with certainty within the terms he asks of (one, two and three years) all the j ust claims which now exist against him. ” And this clause in the petition, ¡which is cited with emphasis in the brief of the plaintiff, is deemed by her conclusive evidence of Labatut’s inability to act as a valid surety for the syndic, Gaillaird.
If, as we apprehend it, a respite is based upon the supposed solvency and not insolvency of the debtor, (Sumner v. Dunbar, 12 An. 182,) we can perceive nothing in the cited clause to destroy this presumption, nor .indeed anything more than is usually inserted in petitions for respite.
The solicitation of the debtor for a remission of a portion of his debts, which is deemed inconsistent with a solvent condition, is a relief which the law itself contemplates in proceedings for respite. See article 3061 Civil Code.
In judicial sureties, the parties, contracting as such, must have sufficient property to satisfy the obligations thereby incurred; and if they possess it, the fact that they have asked a respite from the creditors will not disqualify them.
A man’s assets may be largely in excess of his liabilities, although he may not, from the force of circumstances, have, at the moment, the available means in money to satisfy them.
This, according to the weight of evidence in the record, was the condition of the surety, Jules Labatut.
Such was the conclusion reached by the District Judge who tried the rule, and whose peculiar province it was, by the act of 1855, No. — , to pass on the sufficiency of the non-resident surety, and upon such proof as he might deem necessary.
It is therefore ordered, adjudged and decreed that the judgment of the Distriot Court be affirmed,- at the oosts of the appellant.